LOUISVILLE MEMORIAL GARDENS,
Appellant,

v.

COMMONWEALTH of Kentucky DE-
PARTMENT OF TRANSPORTA-
TION, Appellee.

Supreme Court of Kentucky.

March 16, 1979.

Albert F. Reutlinger, Louisville, for appellant.

Dandridge F. Walton, Dept. of Transp., Frankfort, Jack M. Lowery, Jr., Boone, Lowery & Zoeller, Louisville, Dan K. Stockton, Louisville, for appellee.

OPINION AND ORDER

PALMORE, Chief Justice.

On December 18, 1978, this court granted appellant's motion for discretionary review of a decision of the Court of Appeals. On January 22, 1979, appellant moved for an extension of time in which to file its brief. Already, however, the 30-day period allowed for filing of the brief had expired by reason of CR 76.20(9)(b), which provides that the time (30 days, per CR 76.12) for filing the appellant's brief runs from the date of the order granting discretionary review. For that reason we denied the motion as untimely and, on motion of the appellee, dismissed the appeal.

Appellant has filed a motion that we reconsider the dismissal and has tendered its brief on the merits. Counsel for appellant concedes that he miscalculated the time in which he was required to file a brief, in that he relied on CR 76.12(2)(a) and overlooked CR 76.20(9)(b).

In the major overhaul of the procedural rules which became effective on January 1, 1978, CR 76.20(9)(b), as first written, made reference to the time for preparation and certification of the record on appeal but did not mention briefs. It was soon realized that this provision was anomalous, because in the case of a motion for discretionary review the record will already have been prepared and certified. Consequently, CR 76.20(9)(b) was amended as of March 1, 1978, to delete all references to perfecting the appeal and certifying the record, and to provide only that the times prescribed in CR 76.12(2) for the filing of briefs shall run from the date of the order granting review.

CR 76.12 is entitled "Briefs." CR 76.12(2) is the paragraph of that rule that sets the time requirements for briefs in all appealed cases. CR 76.20 is entitled "Motion for Discretionary Review." CR 76.20(9) is entitled "Disposition of Motion," and tucked

away in this paragraph, which is not otherwise concerned with briefs, is subparagraph (b), which provides for the computation of time with respect to the filing of briefs.

It has been and still is the policy of this court to be rather strict in the enforcement of time requirements prescribed by the rules of procedure. Nevertheless, we recognize that the number and frequency of rules changes occasioned by the recent restructuring of the judicial system was bound to create a certain amount of confusion and disorientation on the part of both lawyers and court personnel, some of which can be held as excusable without compromising that principle. In this instance we are disposed to hold counsel's error excusable. The fault is partly our own, in that the substance of CR 76.20(9)(b) should have been either included or referred to in CR 76.12(2). A rules amendment to accomplish that purpose will be issued in due course.

The order denying appellant's motion for an extension of time and dismissing the appeal is vacated, and the brief tendered by appellant on February 13, 1979, is ordered filed. The time for filing of appellee's brief in response is extended to and including April 16, 1979.

All concur.